JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Krystal Pride
437 West St. Luke Street
Philadelphia, PA 19140

## DEFENDANTS
City of Philadelphia
3901 Whitaker Avenue
Philadelphia, PA 19124

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Offices of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 1983 et seq
Brief description of cause:
Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   7/31/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Krystal Pride          :          CIVIL ACTION

      v.          :

City of Philadelphia   :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| 7/31/17 | Graham F. Baird | Krystal Pride |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-923-5951 | grahamb@erlegshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660; 10/02)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 437 West St. Luke Street, Philadelphia PA 19140

Address of Defendant: 3901 Whitaker Avenue, Philadelphia PA 19124

Place of Accident, Incident or Transaction: 437 West St. Luke Street, Philadelphia PA 19140
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Graham F. Baird, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/31/17   _____ Attorney-at-Law   92692 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/31/17   _____ Attorney-at-Law   92692 Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Krystal Pride<br>437 West St Luke Street<br>Philadelphia, PA 19140 | : <br> : <br> : <br> : | |
| | : | JURY DEMANDED |
| Plaintiff, | : <br> : | |
| | : | |
| v. | : <br> : | |
| | : | No. |
| City of Philadelphia<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| City of Philadelphia Police Department<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| Javier Rodriguez<br>individually and<br>in his official capacity as Captain for<br>City of Philadelphia Police Department<br>25th District<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| John Doe Police Sergeant No. 1<br>individually and in his<br>official capacity as a police sergeant for<br>City of Philadelphia Police Department<br>25th District<br>3901 Whitaker Avenue<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |

John Doe Police Officer No. 1        :
individually and                    :
in his official capacity as a police officer for :
City of Philadelphia Police Department   :
25th District                         :
3901 Whitaker Avenue               :
Philadelphia, PA 19124            :
                                     :
And                                :
                                     :
John Doe Defendants Nos. 1-10      :
                                     :
                                     :
                Defendants        :

---

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1.     Plaintiff, Krystal Pride (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.     Defendant, City of Philadelphia is a municipal entity in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department and Code Enforcement Department was the employer of all named Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

3.     Defendant, City of Philadelphia Police Department is a municipal agency, owned, operated and managed by Defendant City of Philadelphia with a principal place of business at the above captioned address.

4.     Defendant, Javier Rodriguez is, and at all times material hereto, the Captain for the 25th District for the City of Philadelphia acting under color of state law in his individual capacity as well as in his official capacity as a Captain for the City of Philadelphia and City of

Philadelphia Police Department.  He is being sued herein, in both his individual and official capacities.

5.      Defendant, John Doe Police Sergeant No. 1 is, and at all times material hereto, a sergeant with the 25th District for the City of Philadelphia acting under color of state law in his individual capacity as well as in his official capacity as a sergeant for the City of Philadelphia and City of Philadelphia Police Department.  He is being sued herein, in both his individual and official capacities.

6.      Defendant John Doe Police Officer No. 1 is, and at all times material hereto, a police officer for the City of Philadelphia and the City of Philadelphia Police Department, and was acting under color of state law.  He is being sued herein, in his individual capacity.

7.      Defendants, John Does Nos. 2-20 are officials, police officers and/or other public officials acting under color of state law who were involved in the following incident set forth in Plaintiff's complaint and at all times material hereto were acting under color of state law and are being sued in their individual and official capacities.

8.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**II.  Operative Facts.**

10.     On April 1, 2016, at approximately 12pm, Plaintiff was lawfully in her home at 437 West St Luke Street in Philadelphia, Pennsylvania.

11.     Plaintiff and her four (4) year old niece were in the bathroom, undressed and preparing to take a shower.

12.     Plaintiff had the shower running and she was waiting for the water to warm up.

13.     At this point, Plaintiff heard a loud banging on her front door.

14.     Plaintiff left her niece, hurriedly put on a shirt and pants, and ran to the front door.

15.     When Plaintiff opened the door, she observed a police vehicle pulling away from the corner of her block.

16.     The police vehicle immediately reversed into a parking spot, and two male police officers (Defendants John Does Nos. 2 and 3) of the Defendant Police Department named above jumped out and ran to Plaintiff's front door.

17.     Without any justifiable reason and without provocation, the above named Defendant John Doe Police Officers Nos. 2 and 3 began repeatedly yelling at Plaintiff "why didn't you open the door?" "Didn't you hear us?"

18.     Plaintiff explained that she was in the bathroom, with the shower running, was naked so she came to the door as quickly as possible.

19.     Defendant Police Officers John Does Nos. 2 and 3 never identified themselves to Plaintiff.

20.     Defendant Police Officers John Does Nos. 2 and 3 asked Plaintiff, "Where is Demetrius?" Defendants were presumably referring to Demetrius Pride, Plaintiff's younger brother who does not reside at her home.

21.     Plaintiff responded that she was not sure of Demetrius's whereabouts, and asked why the officers wanted to speak with him.

22.     Defendant Police Officers John Does Nos. 2 and 3 never explained why they were searching for Mr. Pride.

23.     Defendant Police Officers John Does Nos. 2 and 3 were standing on Plaintiff's porch, a few feet away from her, while she stood in her doorway.

24.     Defendant Police Officers John Does Nos. 2 and 3 asked Plaintiff step outside on to the porch.

25.     Plaintiff explained that she did not feel comfortable coming outside because she was on her menstrual cycle, and was bleeding with no additional clothing or sanitary pad underneath her pants.

26.     Plaintiff further asked Defendant Police Officers John Does Nos. 2 and 3 if she could go back inside to change clothes.

27.     Defendant Police Officers John Does Nos. 2 and 3 demanded that Plaintiff step out onto the porch next to them and she obliged.

28.     Plaintiff asked if the officers had a warrant, to which Police Officers John Does Nos. 2 and 3 responded that they did not have a warrant.

29.     At that point Plaintiff informed them that her 4 year old niece was in the bathroom unattended and the shower was still running.  Plaintiff then asked to go back inside to check on her niece.

30.     Defendant Police Officers John Does Nos. 2 and 3 ordered Plaintiff she was not allowed back inside.

31.     Plaintiff asked the officers if she was under arrest, to which they responded that she was not under arrest.

32.     Defendant Police Officers John Does Nos. 2 and 3 instructed Plaintiff to sit down on the steps in front of the house.

33.     After a few minutes, Plaintiff's niece began crying and knocking on the closed door from inside the home.

34.     Plaintiff and Defendant Police Officers John Does Nos. 2 and 3 could hear that the child was in distress.

35.     Plaintiff again asked if she could go inside to either get her niece, or at least reassure her that everything was alright.

36.     Defendants Police Officers John Does Nos. 2 and 3 insisted that Plaintiff was not to stand up or go inside the house.

37.     Plaintiff believed she was required comply, so she remained seated on the steps while her niece continued crying and knocking, and several neighbors gathered around to watch.

38.     After about one hour, four (4) additional male officers (Defendants John Does Nos. 3-6), also from the City of Philadelphia Defendant Police Department, arrived at the scene. One of the John Doe Defendant Police Officers was in plain clothes, while the remaining three were in their official uniforms.

39.     By this time, Plaintiff's pants were wet with menstrual blood and she had been bleeding through her clothes on the porch.  Plaintiff's niece was still crying, screaming for her "Aunty", and knocking on the door.  Plaintiff was also visibly upset and crying.

40.     Plaintiff again asked if she could go inside because she was soaked in blood, her niece was unattended, and the child was in distress.

41.     The six (6) male John Doe Defendant Police Officers refused to allow Plaintiff inside, and continued to badger her, demanding entrance into her home without a search warrant.

42.     Sometime between 3pm and 4pm, Plaintiff told John Doe Defendant Police Officers that she needed to get cleaned up and dressed because she was expected at work by 7pm.

43.     Defendant Police Officers asked Plaintiff where she worked and she replied that she worked with the City of Philadelphia as an emergency medical technician.

44.     The John Doe Defendant Police Officer No. 3 in plain clothes threatened to have Plaintiff terminated from her job.

45.     Plaintiff asked to be allowed inside her home because she was not under arrest.

46.     When John Doe Defendant Police Officers Nos. 1-6 again refused her request, Plaintiff requested a sergeant.

47.     At approximately 4pm, John Doe Defendant Police Sergeant No. 1 arrived at the scene.

48.     John Doe Defendant Police Sergeant No. 1 told Plaintiff "it will be a lot easier to let [them] inside the house."

49.     At that point, after her niece had been crying, Plaintiff bleeding through her pants and sitting and standing outside for over one (1) hour, Plaintiff gave Defendant Police Officers permission to enter her home.

50.     When John Doe Defendants Police Officers opened the door, Plaintiff's niece was standing in front of the door terrified, naked and screaming.

51.     John Doe Defendant Police Officers Nos. 1-6 then ransacked Plaintiff's home.

52.     Defendants John Doe Police Officers arrested Demetrius Pride and took him away.

53.    Subsequently, Plaintiff was allowed back into her home and John Doe Defendant Police Sergeant No. 1 apologized to Plaintiff saying "this shouldn't have happened".

54.    Demetrius Pride was released from police custody less than one hour later.

55.    Mr. Pride was not charged with any criminal offense.

56.    No one else was charged with any offense as a result of the incident.

57.    As a direct and proximate result of Defendants' conduct Plaintiff sustained personal injury, pain and suffering, violations of her constitutional rights, deprivation of her liberty and property interests, as well emotional distress, humiliation, and other damages as set forth below.

## III.  Causes of Action.

### COUNT I – 4th AMENDMENT--MALICIOUS PROSECUTION
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants and John Doe Defendants, Nos. 1-10)

58.    Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59.    At all times described above, Defendants were acting under color of state law.

60.    As described above, Defendants stopped and detained Plaintiff for approximately four (4) hours against her will.

61.    As described above, Defendants' conduct constituted a seizure of the Plaintiff.

62.    As described above, Defendants acted with malice.

63.    No criminal charges were filed against the Plaintiff.

64.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, violation to her constitutional rights, emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

65.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

66.    Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

## COUNT II – 4th AMENDMENT--WRONGFUL ARREST
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants and John Doe Defendants, Nos. 1-10)

67.    Plaintiff incorporates paragraphs 1-66 as if fully set forth at length herein.

68.    At all times material hereto, Defendants were acting under color of state law.

69.    As described above, Defendants stopped and detained Plaintiff without reasonable suspicion or probable cause that she committed a criminal offense.

70.    No charges were ever filed against the Plaintiff.

71.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, violation of her constitutional rights, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

72.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

73.    Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

## COUNT III –UNLAWFUL SEIZURE
### (Pennsylvania State Law Claims)
### (Plaintiff v. Defendants and John Doe Defendants, Nos. 1-10)

74.    Plaintiff incorporates paragraphs 1-73 as if fully set forth at length herein.

75.    At all times described above, Defendants were acting under color of state law.

76.    As described above, Defendants stopped and detained Plaintiff against her will for several hours.

77.     As described above, Defendants acted with malice.

78.     No charges were ever filed against the Plaintiff.

79.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, violation of her constitutional rights, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

80.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

81.     Plaintiff demands attorneys fees and court costs.

### COUNT IV --WRONGFUL ARREST
### (Pennsylvania State Law Claims)
### (Plaintiff v. Defendants and John Doe Defendants, Nos. 1-10)

82.     Plaintiff incorporates paragraphs 1-81 as if fully set forth at length herein.

83.     At all times material hereto, Defendants were acting under color of state law.

84.     As described above, Defendants stopped and detained Plaintiff without reasonable suspicion or probable cause that she committed a criminal offense.

85.     No criminal charges were filed against the Plaintiff.

86.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, violation of her constitutional rights, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

87.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

88.     Plaintiff demands attorneys fees and court costs.

## COUNT V — MONELL CLAIM
### (42 U.S.C.A. § 1983 et seq)
**(Plaintiff v. Defendants and John Doe Defendants, Nos. 1-10)**

89.     Plaintiff incorporates paragraphs 1-88 as if fully set forth at length herein.

90.     At all times material hereto, Defendants instituted policies and procedures within the police department with indifference to the constitutional rights of the citizens of Philadelphia, including, but not limited to Plaintiff.

91.     Those policies and procedures include creating and fostering an environment through failures to train and hire suitable police officers and a failure to supervise those officers.

92.     As a proximate result of Defendants' policies and procedures, Plaintiff sustained significant damages, including but not limited to: personal injury, violation to her constitutional rights, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

93.     As a result of the Defendants' conduct, Plaintiff hereby demands punitive damages.

94.     Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

   **WHEREFORE,** Plaintiff Krystal Pride demands judgment in her favor and against all Defendants jointly and severally, in an amount in excess of $150,000.00 together with:

   A.   Compensatory damages, including but not limited to: personal injury damages, deprivation of constitutional rights, injury to reputation, mental and emotional distress, pain and suffering, economic loss, deprivation of her liberty and property interests,

   B.   Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Krystal Pride

Date: 7/31/17